**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JULIENE ROMAN,**

       **Plaintiff,**                           **Case No.:**

**v.**

**ZAMORA HOSPITALITY GROUP, LLC**
**d/b/a THE HOTEL ZAMORA and**
**ZBG RESTAURANT GROUP, LLC**

       **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, JULIENE ROMAN, by and through her undersigned counsel and sues the Defendants, ZAMORA HOSPITALITY GROUP, LLC d/b/a THE HOTEL ZAMORA and ZBG RESTAURANT GROUP, LLC (hereinafter referred to as "Defendants") and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

3. Defendants, ZAMORA HOSPITALITY GROUP, LLC d/b/a THE HOTEL ZAMORA and ZBG RESTAURANT GROUP, LLC, are Florida Profit Corporations

authorized and doing business in this Judicial District. At all times material, Defendants employed Plaintiff, JULIENE ROMAN. At all times material, Defendants employed the requisite number of employees and, therefore, is an employer as defined by the Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

4. Defendants, ZAMORA HOSPITALITY GROUP, LLC d/b/a THE HOTEL ZAMORA and ZBG RESTAURANT GROUP, LLC are a joint employer/integrated enterprise. Plaintiff performed work for all Defendants, including, but not limited to: Zamora, Hospitality Group, LLC d/b/a The Hotel Zamora and ZBG Restaurant Group, LLC.

5. At all times material, Plaintiff, JULIENE ROMAN was an employee of Defendants within the meaning of the Title VII of the Civil Rights Act of 1964, the Sex Discrimination Act, and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

6. At all times material, Defendants acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

8. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

9. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

10. Plaintiff, JULIENE ROMAN, timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on April 12, 2019.

11. On August 26, 2019, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. A copy of the Charge of Discrimination and Dismissal is attached as **Exhibit A**. This Complaint has been filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

12. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

13. Plaintiff began her employment with Defendants working as a Restaurant Manager.

14. During Plaintiff's first week of employment a restaurant employee made a sexually derogatory and inappropriate comment towards her.

15. On another occasion the same employee inappropriately touched Plaintiff's buttocks.

16. Shortly thereafter, the employee again made sexually suggestive comments towards Plaintiff.

17. Plaintiff went to the Executive Chef to inform him of the inappropriate behaviors and comments. The Chef sent the employee home for the day and told Plaintiff he would take care of it.

18. The Executive Chef also informed Plaintiff to go to the HR Manager and report what had happened.

19. On March 4, 2019, the HR Manager's next scheduled day in the hotel, Plaintiff reported the situation.

20. At the request of the HR Manager, Plaintiff wrote a written summary of the incidents and events while in the HR Manager's office.

21. The HR Manager did not provide a copy of the written statement to Plaintiff.

22. When Plaintiff returned to work after her next scheduled days off she noticed that that offending employee was still working there.

23. Plaintiff immediately went to the Executive Chef to explain that she was uncomfortable working there with him and asked what happened.

24. Plaintiff was told to just do her work and not worry about it.

25. At the following weeks' executive meeting Plaintiff informed those in attendance that she remained uncomfortable.

26. Thereafter, two more employees made inappropriate comments towards Plaintiff.

27. Plaintiff informed the Food and Beverage Director about the offensive language of the employee and Executive Chef.

28. On March 15, 2019, upon my arrival for my shift I was terminated by the Executive Chef.

## COUNT I
## TITLE VII—SEX HARASSMENT

29. Plaintiff, JULIENE ROMAN, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-eight (28).

30. Plaintiff, a female, is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII").

31. The aforementioned actions by the restaurant employee constitute unwelcome sex harassment.

32. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

33. The harassment resulted in a tangible, adverse employment action when Plaintiff was terminated from her employment with Defendant.

34. Defendants, ZAMORA HOSPITALITY GROUP, LLC d/b/a THE HOTEL ZAMORA and ZBG RESTAURANT GROUP, LLC , knew or should have known of the harassment of Plaintiff.

35. The aforementioned actions created a hostile environment and constitute discrimination on the basis of gender/sex, in violation of Title VII.

36. The sex harassment and conduct of the restaurant employee created a hostile work environment which interfered with Plaintiff's ability to perform her job.

37. Defendant's actions were intentional and encouraged an environment where degradation based on sex was common and tolerated.

38. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally-protected rights of Plaintiff.

39. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, JULIENE ROMAN, prays for the following damages against Defendants ZAMORA HOSPITALITY GROUP, LLC d/b/a THE HOTEL ZAMORA and ZBG RESTAURANT GROUP, LLC:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT II
## TITLE VII – RETALIATION

40. Plaintiff, JULIENE ROMAN, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-eight (28).

41. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title

VII"). Specifically, Plaintiff opposed sexual harassment by resisting the sexual advances of a restaurant employee.

42. In retaliation for engaging in protected activity, Plaintiff suffered an adverse employment action when she was terminated from her job by Defendants.

43. Stated differently, the adverse employment action suffered by Plaintiff at the hands of Defendants are causally connected to her opposition and resistance of sex harassment.

44. The aforementioned actions by Defendants constitute retaliation by Defendants in violation of Title VII of the Civil Rights Act of 1964.

45. Defendants' unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally-protected rights of Plaintiff.

46. As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, JULIENE ROMAN, prays for the following damages against Defendants ZAMORA HOSPITALITY GROUP, LLC d/b/a THE HOTEL ZAMORA and ZBG RESTAURANT GROUP, LLC,:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

  g. Injunctive relief; and

  h. For any other relief this Court deems just and equitable.

  h. For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT—SEXUAL HARASSMENT

47. Plaintiff, JULIENE ROMAN, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-eight (28).

48. Plaintiff, a female, is a member of a protected class under the Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

49. The aforementioned actions by a restaurant employee constitute unwelcome sex harassment.

50. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

51. The harassment resulted in a tangible, adverse employment action when Plaintiff was terminated from her employment with Defendants.

52. Defendants ZAMORA HOSPITALITY GROUP, LLC d/b/a THE HOTEL ZAMORA and ZBG RESTAURANT GROUP, LLC, knew or should have known of the harassment of Plaintiff.

53. The aforementioned actions created a hostile environment and constitute discrimination on the basis of gender/sex, in violation of the Florida Civil Rights Act.

54. The sex harassment and conduct of the restaurant employee created a hostile work environment which interfered with Plaintiff's ability to perform her job.

55. Defendants' actions were intentional and encouraged an environment where degradation based on sex was common and tolerated.

56. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

57. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, JULIENE ROMAN, prays for the following damages against Defendants, ZAMORA HOSPITALITY GROUP, LLC d/b/a THE HOTEL ZAMORA and ZBG RESTAURANT GROUP, LLC:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

### COUNT IV
### FLORIDA CIVIL RIGHTS ACT—RETALIATION

58. Plaintiff, JULIENE ROMAN, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-eight (28).

59. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Specifically, Plaintiff opposed sexual harassment by resisting the sexual advances of the restaurant employee.

60. In retaliation for engaging in protected activity, Plaintiff suffered an adverse employment action by Defendants when she was terminated from her employment.

61. Stated differently, the adverse employment action suffered by Plaintiff at the hands of Defendants are causally connected to her opposition and resistance of sex harassment.

62. The aforementioned actions by Defendants constitute retaliation by Defendants in violation of the Florida Civil Rights Act.

63. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

64. As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, JULIENE ROMAN, prays for the following damages against Defendants, ZAMORA HOSPITALITY GROUP, LLC d/b/a THE HOTEL ZAMORA and ZBG RESTAURANT GROUP, LLC:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

      e.      Punitive damages;

      f.      Attorneys' fees and costs;

      g.      Injunctive relief; and

      h.      For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

65.    Plaintiff, JULIENE ROMAN, demands a trial by jury on all issues so triable.

**DATED** this 18th day of September 2019..

      **FLORIN GRAY BOUZAS OWENS, LLC**

      */s/ Wolfgang Florin*
      **WOLFGANG M. FLORIN, ESQUIRE**
      Florida Bar No.: 907804
      wflorin@fgbolaw.com
      **CHRISTOPHER D. GRAY, ESQUIRE**
      Florida Bar No.: 902004
      chris@fgbolaw.com
      16524 Pointe Village Drive
      Suite 100
      Lutz, Florida 33558
      (727) 254-5255
      (727) 483-7942 (fax)
      *Trial Attorneys for Plaintiff*